UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRENDA KING, an individual; LILIANA SOUTTO MAYOR PELLEGRINI, an individual; DIANE J. PETERS, as Special Administrator for the Estate of Steven Steinfield; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No.: 20cv2102 JM(MSB)<br><br>**ORDER ON JOINT MOTION FOR DISBURSEMENT, DISCHARGE, AND DISMISSAL RE: INTERPLEADER ACTION** |

Presently before the court is a Joint Motion for Disbursement, Discharge, and Dismissal Re: Interpleader Action. (Doc. No. 5.) Upon consideration of the pleadings, and the motion, the court grants the joint motion.

**I.    Background**

On October 26, 2020, Plaintiff Life Insurance Company of America ("LINA") in Interpleader filed suit in this matter. (Doc. No. 1, the "Compl.") LINA issued an insurance policy, No. FLI-980026, (the "Policy") to the Trustee of The Group Insurance Trust for Employers in the Manufacturing Industry. (Compl. ¶ 9.) HP, Inc., ("HP") established and

maintained an employee welfare benefit plan (the "Plan") that provided life insurance coverage under LINA's policy. (*Id.*)

One participant of HP's life insurance plan, Steven Steinfield, died on March 25, 2020. (*Id.* ¶¶ 10, 12.) Steven Steinfield had designated his spouse, Liliana Pellegrini, as his beneficiary. (*Id.* ¶ 10). Based on the terms of the Policy, Mr. Steinfield's beneficiary is entitled to $145,000 in basic life insurance benefits and $855,000 in voluntary life insurance benefits, plus accrued interest, if applicable. (*Id.* at ¶ 20.)

On May 18, 2020, David S. Pawlowski, counsel for Brenda King, the sister of Steven Steinfield, wrote to HP contesting payment of the Policy proceeds to Liliana Pellegrini. (*Id.* ¶ 14.) Mr. Pawlowski requested that HP withhold payment of Policy benefits, contending that Ms. Pellegrini had committed financial elder abuse against Steven Steinfield. (*Id.*)

On June 12, 2020, Ms. Pellegrini's counsel, Mr. Robert M. Caietti, wrote to LINA informing LINA that Mr. Steinfield had filed a Petition for Dissolution of Marriage on January 13, 2020. (*Id.* ¶ 15.) On the date of Mr. Steinfield's death, no judgment of divorce had been entered. (*Id.*)

The Special Administrator for the Estate of Steven Steinfield, (the "Estate") Diane J. Peters, informed LINA of her appointment on October 21, 2020. (*Id.* at ¶ 16.) Ms. Peters also inquired whether the Estate was entitled to any funds under the Policy. (*Id.*)

Having received conflicting claims, LINA determined that it was unable to distribute the benefits in accordance with the terms of the Plan.

LINA prayed for the following judgment in the Complaint:

1. That Defendants be restrained from instituting any action against LINA for the recovery of the amount of said Policy and/or Plan, or any part thereof;

2. That Defendants be required to interplead and settle amongst themselves their respective rights to the proceeds under the Policy and/or Plan, and that LINA be discharged from all liability to Defendants under the Policy and/or Plan, or otherwise;

    3. For a declaration by this court as to the Defendants' entitlement to benefits, if any, under the Policy;

    4. That this Court shall award LINA its reasonable attorney's fees incurred in connection with this interpleader action, with such sums to be paid out of the amount deposited by LINA with this Court;

    5. That this Court shall dismiss LINA with prejudice from this action;

    6. For such other and further relief as the Court may deem appropriate.

(*Id*. at 5)

On October 28, 2020, LINA deposited three checks totaling $1,000,828.83 with the Clerk of Court. (Doc. No. 4.)

On January 27, 2021, LINA and Defendants Brenda King, Liliana Pellegrini and Diana Peters filed a Joint Motion for Disbursement, Discharge, and Dismissal Re: Interpleader Action. (Doc. No. 5.) The motion appears to resolve all of the requested judgment LINA prayed for in the complaint.

## II. Discussion

There are two steps to an interpleader action.[1] The first is determining whether the requirements of interpleader have been met. *See* 28 U.S.C. § 1335. The second step is to "adjudicat[e] the adverse claims of the defendant claimants." *W. Conf. of Teamsters Pension Plan v. Jennings,* Case No. C–10–03629 EDL, 2011 WL 2609858 at * 5 (N.D. Cal. June 6, 2011) (citing *N.Y. Life Ins. Co. v. Conn. Dev. Auth.,* 700 F.2d 91, 95 (2nd Cir.1983)); *see also* 28 U.S.C. § 2361 (stating that the district court "shall hear and determine the case ... and make all appropriate orders to enforce its judgment.").

---

[1] In an interpleader action, the 'stakeholder' of a sum of money sues all those who might have claim to the money, deposits the money with the district court, and lets the claimants litigate who is entitled to the money. *Cripps v. Life Ins. Co. of N. Am.,* 980 F.2d 1261,1265 (9th Cir. 1992).

Before turning to the substance of the joint motion, the court must first determine whether it has jurisdiction to hear this case. According to 28 U.S.C. § 1335, a district court has jurisdiction if the property in question exceeds $500 and if the claimants are diverse as defined in 28 U.S.C. § 1332. As pled, the parties are diverse in citizenship because LINA is a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania, and the three defendants are citizens and residents of California. (*see* Compl. ¶¶ 4-7.) Further, the amount in controversy threshold has been met because the benefits at issue amount to approximately $1 million. Accordingly, the court is satisfied that it has jurisdiction.

"An interpleader's primary purpose is not to compensate, but rather to protect stakeholders from multiple liability as well as from the expense of multiple litigation." *Aetna Life Ins. Co. v. Bayona,* 223 F.3d 1030, 1034 (9th Cir. 2000). "A court may approve a settlement as proposed if the settlement is reasonable and consistent with the record. *See U.S. Specialty Ins. Co. v. Estate of Schurrer,* Cause No. 4:09CV353, 2010 WL 2598269 at * 5 (E.D.Tex.2010) (distributing the interpleaded funds and stating: "Having reviewed the record and heard the arguments of counsel, and recognizing the Court's equitable powers in this proceeding, the Court finds that the apportionment requested by the remaining should be made as agreed."); *see generally In re City Equities Anaheim, Ltd.,* 22 F.3d 954, 957 (9th Cir.1994) (stating that there is "high judicial favor accorded the voluntary settlement of disputes....") (quotation omitted).

Because the joint motion to dismiss amounts to what is essentially a settlement, asks the court to enjoin future litigation, requests the court award attorney's fees, and distribute funds currently held in the court's registry, the court must give it more than a cursory review. First, the joint motion states: "Defendants agree that LINA, HP, Inc., and HP, Inc.'s employee welfare benefit plan under which the Policy was funded ("Plan") are hereby discharged from any liability to Defendants to the full extent permitted by law with respect to the Policy and/or with the respect to benefits due under the Policy." (Doc. No. 5 at ¶ 4.) Second, Defendants have agreed to refrain from pursuing any further action

arising out of or relating to the rights and obligations of the parties with respect to the Policy and/or the benefits due under the Policy against LINA, HP, and HP's employees. (*Id.* ¶ 5.)  Third, the parties have agreed that LINA should be awarded $3,900 as reasonable attorney's fees and costs incurred in connection with this action, to be paid out the proceeds deposited with the court. (*Id.* ¶ 6.)  Fourth, LINA shall be dismissed from this action with prejudice. (*Id.* ¶ 7.)  Fifth, Defendants have agreed to resolve their competing claims to the Policy benefits in the pending probate action in Superior Court and that this interpleader action may be dismissed without prejudice. (*Id.* ¶ 8.)

### (a) Award of Attorney's Fees and Dismissal of LINA

"Generally, courts have discretion to award attorney fees to a disinterested stakeholder in an interpleader action." *Abex Corp. v. Ski's Enters., Inc.,* 748 F.2d 513, 516 (9th Cir. 1984) (citation omitted); *Schirmer Stevedoring Co. Ltd. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 194 (9th Cir. 1962) (a party "should be awarded attorney fees for the services of his attorneys in interpleading.")  "The amount of fees to be awarded in an interpleader action is committed to the sound discretion of the district court." *Trs. of Dirs. Guild of Am.-Producer Pension Benefits Plans v. Tise,* 234 F.3d 415, 426 (9th Cir. 2000). "As a general matter, a court will award fees from the proceeds whenever: '(1) the party seeking fees is a disinterested stakeholder; (2) who had conceded liability; (3) has deposited the funds into court; and (4) has sought a discharge from liability.'" *Wells Fargo Bank, Nat'l Ass'n v. PACCAR Fin. Corp.,* No. 1-08-cv-00904-AWI-JMS, 2009 WL 211386, at *2 (Jan. 28, 2009) (quoting *Septembertide Publ'g v. Stein & Day, Inc.*, 884 F.2d 675, 683 (2d. Cir. 1989).

It is clear to the court that LINA has no interest in the funds and that it has done nothing untoward.  LINA has attempted to distribute the death benefits to the intended beneficiaries and then took the appropriate action by filing the complaint in interpleader. Moreover, the fact that all Defendants are in accord with the fees request supports the request.  Therefore, the court concludes that an award of attorney's fees to the law firm of

Burke, Williams & Sorrenson, LLP is warranted. Accordingly, the court **awards** Plaintiff $3,900 in attorney's fees.

Pursuant to 28 U.S.C. § 2361, in "any civil action of interpleader" a district court may discharge the plaintiff in interpleader from further liability, enjoin the parties from instituting further actions related to the stake, and make all other appropriate orders. *See Sun Life Assurance Co. of Can. v. Chan's Estate,* No. C-03-2205 SC, 2003 WL 22227881, at *2 (N.D. Cal. Sept. 22, 2003) ("If an interpleading plaintiff has no interest in the stake he should be dismissed") (quoting *Metro. Life Ins. Co. v. Foley*, 2002 WL 31399787 at * 4 (E.D. La., Oct. 22, 2002)). Here, since LINA has no discernable interest in this litigation other than distributing the death benefits and has fulfilled this obligation by depositing the death benefits with the Clerk of Court, the court finds **dismissing** LINA **with prejudice** from this case appropriate. *See, e.g., OM Financial Life Ins. Co.v. Helton*, No CIV. 2:09-1989 WBS EFB, 2010 WL 3825655, at *3 (E.D. Cal. Sept. 28, 2010) (a disinterested stakeholder should be readily discharged from further liability "absent a stakeholder's bad faith in commencing an interpleader action, potential independent liability to a claimant, or failure to satisfy requirements of rule or statutory interpleader."); *Wells Fargo Bank, Nat'l Ass'n*, 2009 WL 211386, at *2) ("[i]f an interpleading plaintiff has no interest in the stake, the plaintiff should be dismissed.") The court also finds that LINA brought this interpleader action solely to determine the proper parties to receive the death benefits and to avoid future claims and litigation. Because LINA, and by association, HP and the employee welfare plan under which the Polity was funded, are disinterested stakeholders, the court concludes that **enjoining** all three entities from any future proceedings against them related to these claims would be appropriate as set forth in the joint motion. *See Fid. & Guar. Life Ins. Co., v. Hollick,* Case No.: 17-cv-1108-AJB-WVG, 2018 WL 9563322, at *3 (after finding plaintiff was a disinterested stakeholder, the court enjoined plaintiff from any further proceedings related to the annuity claims.)

///

///

**(b) Distribution of Funds**

The Court must determine how to distribute the interpleaded funds. The parties have agreed and request this court make the following distribution of funds:

1. LINA shall be awarded $3,900 in attorney's fees to be paid out of the funds deposited with the court.
2. Following the disbursement of the attorney's fees to LINA, the entirety of the remainder of the proceeds deposited with the court, together with the accumulated interest, shall be distributed to Defendant Peters. Defendant Peters will deposit the proceeds into an escrow account where the monies will remain pending further order from the San Diego Superior Court in the Probate Action, *Estate of Steven Steinfield*, Case No .37-2020-00018306-PR-LA-CTL.

A review of the joint motion reveals that all of the known potential claimants have "agreed to resolve their competing claims to the Policy benefits in the pending probate action in Superior Court." The court finds this resolution to be a reasonable one.

### III. Conclusion

In accordance with the foregoing, the court **ORDERS** as follows:

1. LINA is **DISMISSED** from this action **WITH PREJUDICE**;
2. LINA, HP, HP's employee welfare benefit plan ("Plan") under which the Policy was funded are hereby and shall be discharged from any liability to Defendants to the full extent permitted by law with respect to the Policy and/or with respect to benefits due under the Policy.
3. Defendants shall be restrained from taking, or proceeding with or commencing any action against LINA, HP, Inc., and/or the Plan and/or their present, former, and future officers, directors, shareholders, employers, employees, parents, subsidiaries, affiliates, reinsurers, insurers, administrators, agents, predecessors, successors, attorneys and assigns, for or on account of any transaction, matter, happening or thing in any way arising out of or relating to the rights and obligations of the parties with respect to the Policy and/or with respect to benefits due under the Policy.

4. The Clerk of Court is directed to pay Plaintiff's attorney's fees in the amount of $3,900 to be paid out of the proceeds deposited with the Clerk of Court. The check shall be made payable to "Life Insurance Company of North America" and mailed to:

> Keiko J. Kojima
> Burke, Williams & Sorensen, LLP
> 444 South Flower Street, Suite 2400
> Los Angeles, CA 90071-2953

5. Following the disbursement of the attorney's fees to LINA, the entirety of the remainder of the proceeds deposited with the court, together with accumulated interest, shall be distributed to Defendant Peters in a check made payable to "Diane Peters, Administrator of the Estate of Steven Steinfield" and mailed to:

> Diane Peters
> ████████████████

The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated: March 4, 2021

Hon. Jeffrey T. Miller
United States District Judge